IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Haden Spaulding, ) | Civil Action No.: 0:19-3121-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Andrew Saul, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This action is brought pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Haden Spaulding's ("Plaintiff") claim for disability insurance benefits. The record includes the report and recommendation ("Report") of United States Magistrate Judge Paige J. Gossett, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

In her Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision denying benefits. Plaintiff filed objections to the Report, the Commissioner filed a reply to Plaintiff's objections, and the matter is ripe for review. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court adopts the Magistrate Judge's Report and affirms the Commissioner's final decision denying benefits.

## **BACKGROUND**

Plaintiff filed for disability insurance benefits in April of 2018, alleging disability beginning on March 30, 2018. Plaintiff's application was denied initially and upon

reconsideration, and Plaintiff requested a hearing before an administrative law judge ("ALJ"). After the hearing, the ALJ issued a decision denying Plaintiff's claim. The Appeals Council denied Plaintiff's request for review, thereby rendering the ALJ's decision the Commissioner's final decision for purposes of judicial review. Plaintiff filed this action seeking judicial review on November 4, 2019.

## STANDARDS OF REVIEW

### I.  The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### II.  Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

### I.     The Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c)  If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) . If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

3

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. Then, if the claimant successfully reaches step five, the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since March 30, 2018, the alleged onset date. Next, the ALJ determined that Plaintiff has the following severe impairments: history of L5-S1 fusion; history of right shoulder SLAP repair; bilateral plantar fasciitis; obesity; affective disorder; and anxiety disordering including posttraumatic stress disorder (PTSD). The ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. With regard to Plaintiff's residual functional capacity ("RFC"), the ALJ found that Plaintiff could perform light work as defined in 20 C.F.R. §§ 404.1567(b) over the courts of an eight-hour day in two- hour increments with normal and acceptable work breaks, except that: Plaintiff can never climb ladders, ropes, or scaffolds; Plaintiff can occasionally climb ramps and stairs, crouch, and crawl; Plaintiff can occasionally stoop to lift within the exertional level from the floor to the waist; Plaintiff can frequently stoop to lift within the exertional level from waist height and above; Plaintiff can frequently balance and kneel; Plaintiff can right overhead reach occasionally within the exertional level; Plaintiff can frequently reach,

handle, and finger all other angles on the dominant right; Plaintiff can occasionally be exposed to vibrations and hazards associated with unprotected dangerous machinery or unprotected heights; Plaintiff can concentrate, persist, and maintain pace to understand, remember, and carry out unskilled, routine tasks in a low-stress work environment (defined as being free of fast-paced or team-dependent production requirements), involving application of commonsense understanding to carry out instructions furnished in written, oral, or dogmatic form; Plaintiff can deal with problems involving several concrete variables, in or from standardized situations; Plaintiff can adapt to occasional work place changes; Plaintiff can perform jobs where the worker is largely isolated from the general public, dealing with data and things rather than people; Plaintiff can perform jobs where the work duties can be completed independently from coworkers, but physical isolation is not required; and Plaintiff can respond appropriately to reasonable and customary supervision. (ECF No. 11-2 at 19-20.)  The ALJ found that Plaintiff is unable to perform any past relevant work but that, considering Plaintiff's age, education, work experience, and residual functional capacity, jobs exist in significant numbers in the national economy that Plaintiff can perform.  Thus, the ALJ found that Plaintiff has not been under a disability from March 30, 2018, through the date of the decision.

**II.     The Court's Review**

In his brief, Plaintiff describes the issue for the Court's review as follows: "The RFC assessment must be a reasoned assessment of all of the relevant evidence.  The ALJ here failed to provide an adequate discussion of Spaulding's RFC.  Can a decision based upon an incomplete and inaccurate assessment of a claimant's RFC be supported by substantial evidence?"  (ECF No. 15 at 2, 24.)  The Magistrate Judge considered this issue in her

Report, noting that "Plaintiff appears to argue that the ALJ erred in failing to credit additional mental limitations in his residual functional capacity." (ECF No. 20 at 4.) The Magistrate Judge specifically acknowledged Plaintiff's argument that the ALJ "cherry-picked the evidence" and that the ALJ discounted certain opinion evidence that would result in additional limitations in his RFC. (*Id.*) Ultimately, after reviewing the evidence and considering Plaintiff's arguments, the Magistrate Judge found that the ALJ did not cherry-pick the facts but instead carefully weighed numerous opinions and provided sufficient explanation of the weight given to those opinions. The Magistrate Judge also rejected Plaintiff's argument that the ALJ erred in finding that Plaintiff had only been described Valium on an as-needed basis, noting that Plaintiff himself confirmed at the hearing that the only prescribed medication he takes was Valium as needed. Thus, the Magistrate Judge found that remand was not necessary for the ALJ to consider two prescriptions that Plaintiff did not indicate he took. Because the Magistrate Judge found the ALJ's evaluation of the record supported by substantial evidence, the Magistrate Judge recommended that the Court affirm the Commissioner's final decision denying benefits.

In his objections to the Magistrate Judge's Report, Plaintiff asserts that the Magistrate Judge did not address the errors that Plaintiff alleged the ALJ made. Plaintiff asserts that "the ALJ rejected, without adequate reconciliation, the consultative examiner's opinion and the consistent portions of the non-examining opinions and another consultative examiner's opinions; all of which indicated that Spaulding had greater limitations than those listed in the ALJ's RFC." (ECF No. 24 at 2.)

After review, the Court finds Plaintiff's objection unavailing. First, it is clear that the Magistrate Judge considered the issue exactly as Plaintiff raised it in his briefs. Second,

6

in reviewing Plaintiff's briefs, the undersigned fully agrees with the Magistrate Judge that Plaintiff is merely asking the Court to reweigh the evidence presented. For instance, Plaintiff claims that the ALJ rejected consultative examiner Byrd's opinion that Plaintiff suffered severe PTSD because the opinion was outside of his specialization; Plaintiff further claims that the ALJ found the opinions of non-examining state agency examiners to be persuasive but rejected the opinion that Plaintiff was limited in understanding, remembering, and carrying out short and simple instructions; and Plaintiff takes issue with the weight the ALJ gave to portions of consultative examiner Quirk's and Kofoed's opinions. In all, Plaintiff asserts that the totality of the evidence supports greater limitations than found by the ALJ. As the Magistrate Judge correctly explained, however, it is clear from a review of the ALJ's lengthy decision that the ALJ did not simply cherry-pick the facts. (*See* ECF No. 11-2 at 20-28.) Instead, the ALJ specifically considered and weighed the numerous opinions and provided sufficient explanation for the weight she gave to the opinions. While Plaintiff disagrees with the weight the ALJ gave to certain opinion evidence, it is clear to the Court that the ALJ built a sufficiently accurate and logical bridge from the evidence to her conclusions, and the Court is not left to guess at how the ALJ reached her conclusions. Accordingly, Plaintiff's objection is overruled.

Next, Plaintiff objects to the Magistrate Judge's rejection of his argument relating to Plaintiff's use of mental health medication. Plaintiff asserts that the ALJ found Plaintiff's psychological condition to be not as severe as alleged because Plaintiff "has only been prescribed Valium." (*See* ECF No. 11-2 at 24.) Plaintiff argues that this statement is incorrect because he was prescribed other medications for his mental symptoms. Plaintiff thus asserts that the ALJ failed to reconcile the conflicting evidence and that the Magistrate

Judge erred in concluding that it was not necessary to remand the matter.

After review, the Court is not persuaded by Plaintiff's argument. Although the record includes evidence of other prescriptions, which is contrary to the ALJ's statement that Plaintiff "has only been prescribed Valium on an as needed basis," it is clear that the ALJ's statement stems from Plaintiff's testimony on the issue. Specifically, when asked at the hearing whether he was taking prescribed medication, Plaintiff responded, "Yes, I take Valium as needed." (ECF No. 11-2 at 65.) When specifically asked whether that was "the only prescribed medication you take," Plaintiff responded, "Yes." (*Id.*) Thus, even assuming that the ALJ erred by stating that Plaintiff "has only been prescribed Valium," the Court finds any such error harmless in light of Plaintiff's specific testimony supporting the ALJ's finding, and the Court fully agrees with the Magistrate Judge that "Plaintiff has failed to demonstrate that the ALJ's statements warrant remand for further consideration of two prescriptions that Plaintiff did not indicate he even took." (ECF No. 20 at 5.) Accordingly, Plaintiff's objection is overruled.

## CONCLUSION

Based on the foregoing, it is ordered that the Magistrate Judge's Report (ECF No. 20) is adopted and incorporated herein; Plaintiff's objections (ECF No. 24) are overruled; and the Commissioner's final decision denying benefits is affirmed.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

February 24, 2021
Charleston, South Carolina